UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  v.<br><br>CARL MOORE,<br><br>                      Defendant. | Case Nos. 21-cr-02909-BAS-4<br>            23-cv-00789-BAS<br><br>**ORDER ADMINISTRATIVELY TERMINATING MOTION TO VACATE UNDER 28 U.S.C. § 2255 PENDING RESOLUTION OF APPEAL (ECF No. 250)** |

       On December 15, 2022, Mr. Moore pled guilty to one count of RICO conspiracy and two counts of Hobbs Act robberies. (ECF Nos. 184, 190.) As part of the plea agreement, the parties agreed to the calculation of the sentencing guidelines. (Plea Agreement, § XA, ECF No. 186.) Furthermore, the Government agreed to recommend a sentence in the guideline range, and the defense agreed to recommend a sentence of no less than 60 months. (*Id.* § XF.)

       In exchange for the Government's concessions in the plea agreement, Mr. Moore waived his right to appeal and collaterally attack his conviction. (*Id.* § XI.) "The only exception is defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel." (*Id.*)

       The Court adopted the parties' joint calculation of the guideline range and agreed to depart two points as recommended by the Government. Ultimately, the

1  Court sentenced Mr. Moore to 105 months within that guideline range.  (ECF No.
2  242.)

3  Despite his waiver of appeal, Mr. Moore immediately appealed.  (ECF No.
4  244.)  While that appeal is pending, Mr. Moore now moves to vacate his conviction
5  pursuant to 28 U.S.C. § 2255.  His two stated grounds for his Motion to Vacate,
6  without further elucidation, are: (1) "bias judgement, misconduct of Judge," and (2)
7  "conflict of interest."  (ECF No. 244.)

8  Generally, the filing of a direct appeal "severely restricts the filing of a
9  collateral claim with the District Court, to avoid any anomaly associated with the
10 simultaneous consideration of the same case by two courts."  *United States v. Taylor*,
11 648 F.2d 565, 572 (9th Cir. 1981); *see also United States v. Deeb*, 944 F.2d 545, 548
12 (9th Cir. 1991) (holding court did not err in denying without prejudice § 2255 motion
13 pending resolution of direct appeal). The reason for this rule is that "the disposition
14 of the direct appeal may render the motion moot."  *Taylor*, 648 F.2d at 572 (citing
15 *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959)).  The exception is when
16 "'extraordinary circumstances' outweigh the considerations of administrative
17 convenience and judicial economy."  *Id.*  (collecting cases); *accord Jack v. United
18 States*, 435 F.2d 317, 318 (9th Cir. 1970) (per curiam) ("Except under most unusual
19 circumstances, . . . no defendant in a federal criminal prosecution is entitled to have
20 a direct appeal and a section 2255 proceeding considered simultaneously in an effort
21 to overturn the conviction and sentence.").

22 The record here suggests no extraordinary or unusual circumstances, and
23 considerations of administrative convenience and judicial economy weigh strongly
24 in favor of awaiting resolution of Mr. Moore's direct appeal before addressing any
25 collateral challenges.  Therefore, the Court **TERMINATES** Mr. Moore's Motion to
26 Vacate pending resolution of his appeal (ECF No. 250).  *See Deeb*, 944 F.2d at 548.
27 After the Ninth Circuit issues its mandate, the Motion may be reinstated upon
28 Defendant's request.

1    Further, the Court declines to issue a certificate of appealability.  An appeal
2 would not raise debatable questions about whether the Court's procedural ruling is
3 correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. §
4 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

5    Further, the Clerk of Clerk shall administratively close the companion civil
6 case—No. 23-cv-0789-BAS.

7    **IT IS SO ORDERED.**

9 **DATED: May 8, 2023**

Hon. Cynthia Bashant
United States District Judge