# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>   v.<br><br>CARL MOORE,<br><br>                        Defendant. | Case No. 21-cr-02909-BAS-4<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF No. 489)** |

## I.     INTRODUCTION

Defendant Carl Moore moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)—compassionate release—claiming that his sentencing guidelines were improperly calculated and that he has changed his life and has been rehabilitated. (ECF No. 489.) The Government opposes. (ECF No. 499.) The Court agrees with the Government that Defendant fails to demonstrate that either extraordinary and compelling reasons or the Section 3553(a) factors support his release. Hence, the Court **DENIES** Defendant's Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 489.)

21cr2909

## II.    BACKGROUND

As part of his Plea Agreement, Mr. Moore admitted he was a member of the Lincoln Park Bloods gang (LPK). (Plea Agreement § II.B, ECF No. 186.) Members of LPK participated in robberies, prostitution, and sex trafficking. (*Id.*) Mr. Moore admitted he provided advice and guidance to other members of LPK, helping them to commit robberies at San Carlos Jewelers and Bert Levi Family Jewelers. (*Id.*) In both robberies, Mr. Moore's co-conspirators brandished firearms. (*Id.*) In addition, during the Bert Levi Family Jewelers robbery, one of Mr. Moore's co-conspirators "pointed a gun at the victim clerk, placed the clerk face down on the ground, and said, 'Don't move or I will kill you.'" (*Id.*) Mr. Moore helped sell the stolen merchandise after the robberies were complete. (*Id.*) Finally, Mr. Moore admitted that, in furtherance of the conspiracy, he and two of his co-conspirators assaulted another individual at a shopping mall demanding, "Where you from?" and proclaiming, "We from Lincoln." (*Id.*) The victim lost consciousness and required surgery as a result of the assault. (Pre-Sentence Report ("PSR") ¶ 24, ECF No. 202.)

Prior to his conviction in this case, Mr. Moore had a lengthy criminal record, including crimes involving firearms. (PSR ¶¶ 77–93.) Notably, in 2014, he was convicted of robbery with a gang enhancement; in 2019, he was convicted of being a felon in possession of a firearm; and in 2017, he was found carrying a loaded handgun in a backpack. (*Id.*)

Mr. Moore pled guilty to one count of RICO conspiracy and two counts of Hobbs Act violations. (ECF No. 184.) As part of his Plea Agreement, Mr. Moore agreed the parties would jointly recommend a 5-point increase in the offense level under U.S.S.G. § 2B3.1(b)(2)(C) for brandishing a firearm and a 2-point increase under § 2B3.1(b)(4)(B) for physical restraint. (Plea Agreement § X.A.) The Court followed this recommendation and sentenced Mr. Moore within the guideline range to 105 months, concurrent on all three counts. (ECF No. 240.)

As part of his Plea Agreement, Mr. Moore waived his right to appeal or collaterally attack his conviction or sentence. (Plea Agreement § XI.) Yet, he immediately and

21cr2909

unsuccessfully appealed his sentence, filed but withdrew a habeas petition claiming ineffective assistance of counsel and judicial bias (ECF Nos. 451, 459), and filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), which was denied because the guideline range applicable to Mr. Moore had not changed with any new amendments to the guidelines. (ECF Nos. 461, 472.)

Mr. Moore now moves *pro se* for compassionate release, arguing "extraordinary and compelling reasons" militate in favor of his release. (ECF No. 489.) The Court referred the Motion to Federal Defenders for possible appointment of counsel (ECF No. 494), but Federal Defenders filed a status report concluding "the Court can decide [the Motion] on the existing record without further assistance of counsel" (ECF No. 496).

## III.    ANALYSIS

### A.    Exhaustion of Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, but only after he has exhausted his administrative remedies. "The district court must enforce the administrative exhaustion requirement" when it is properly invoked by the Government. *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021).

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition with the Warden seeking release, which is denied by the Warden, and the petitioner proceeds to continue to fully exhaust his administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days elapse, and because of the Warden's failure to act, the petitioner may proceed without fully exhausting his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

Although Mr. Moore's Motion appears to recognize this requirement, he provides no proof or argument that he has made any attempt to exhaust his administrative remedies. The Government properly invokes this requirement. Therefore, the Court could deny the Motion on this ground alone.

21cr2909

**B.     Extraordinary and Compelling Reasons for Release**

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020). Because "compassionate release derogates from the principle of finality, it is a narrow remedy . . . and the court's disposition of a compassionate release motion is discretionary, not mandatory." *United States v. Wright*, 46 F.4th 938, 944–45 (9th Cir. 2022).

"The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026) (citing Webster's Third New International Dictionary 807 (1976)). "'Compelling' . . . means 'tending to convince or convert for or as if by forcefulness of evidence.'" *Id.* "While the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration." *Id.* at 1332. "This gatekeeping requirement [of finding extraordinary and compelling reasons] is not . . . a free-for-all. It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." *Id.* at 1333. Generally, compassionate release is reserved for an inmate's personal circumstances—notably the inmate's medical condition, age, or family circumstances. *Id.* at 1330.

Mr. Moore argues first that his sentencing guideline range was incorrectly calculated because the Court improperly enhanced the base offense level five points for brandishing a firearm and two points for physical restraint of the victim. A motion for compassionate release is not the appropriate method to attack sentencing guideline calculations, especially in a case such as this one, where Mr. Moore waived his right to appeal. *See United States v. Bryant*, 144 F.4th 1119, 1127 (9th Cir. 2025).

21cr2909

Furthermore, as part of his Plea Agreement, Mr. Moore admitted that his base offense level should be enhanced five points for brandishing a firearm and two points for physical restraint of the victim. (Plea Agreement § X.A.) These enhancements were supported by Mr. Moore's admissions in his Plea Agreement that he provided advice and guidance to co-conspirators committing two robberies and that firearms were brandished during these robberies. Mr. Moore also admitted that during one of these robberies, a co-conspirator pointed a gun at the victim clerk, placed the clerk face down on the ground, and said, "Don't move or I will kill you."

Although Mr. Moore argues now that he was not present at these robberies, the guideline enhancements are applicable "if a firearm was brandished" during the robbery and "if any person was physically restrained to facilitate commission of the offense." U.S.S.G. § 2B3.1. It is not required that the defendant be the one doing the brandishing or the physical restraining. *See United States v. Capanelli*, 479 F.3d 163, 167 (2d Cir. 2007) (reasoning membership in the conspiracy is sufficient to support application of the brandishing enhancement "based on the intended features of the conspiratorial plan"); *United States v. Montes-Fosse*, 824 F.3d 168, 171 (1st Cir. 2016) ("[T]he proper inquiry is whether the district court could find, by a preponderance of the evidence, that it was reasonably foreseeable to [defendant] that [his co-conspirator] would brandish or possess a weapon during the robbery[.]"); *United States v. Garcia*, 700 F. App'x 639 (9th Cir. 2017) (memorandum disposition) (same). Mr. Moore admitted as part of his Plea Agreement that these enhancements were warranted.

Second, Mr. Moore argues that compassionate release is appropriate because he has been rehabilitated while in custody. (Mot. (stating "I'm really ready to change my life," and "I will never ever in my life come back to a place like this").) The Sentencing Guidelines explicitly state that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d). Furthermore, although Mr. Moore claims rehabilitation, the Government points to violations he has received while in custody. (ECF No. 499, Ex. 1.) In October 2025, he was found in

21cr2909

possession of a dangerous weapon while in custody, specifically a 5" metal blade discovered in his anal cavity. (*Id.*) And in July 2024, he was a participant in a two-on-one assault. (*Id.*) Again, Mr. Moore fails to support his claim that "extraordinary and compelling" reasons support his release.

### C.    Section 3553 Factors

Finally, the Court finds the factors listed in 18 U.S.C. § 3553(a) do not support Mr. Moore's release. His offense was a particularly egregious one with traumatized victims. He was older than many of his co-conspirators and had an advisory role encouraging them to participate in the gang activity. He has a history of similarly aggravated convictions, and his aggressive behavior has continued while in custody.

Release would not reflect the seriousness of Defendant's offense, nor the aggravated criminal history he has amassed. Release would not provide just punishment for his offense, nor promote respect for the law. At this point, the Court is concerned about protection of the public from Mr. Moore's future offenses. For all of these reasons, the Court finds that, even if Mr. Moore had demonstrated extraordinary and compelling reasons for release, the factors listed under Section 3553(a) do not support release.

## IV.    CONCLUSION

For all the reasons stated above, the Court **DENIES** Defendant's Motion for Compassionate Release. (ECF No. 489.)

**IT IS SO ORDERED.**

**DATED: July 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

21cr2909